Nancy Steffen Rahmeyer, J.,
Dissenting
I respectfully dissent. .As the principal opinion points out, the Sixth Amendment right to a public trial extends to voir dire in a criminal case and the denial’of that right is structural error that requires no showing of prejudice. In Salazar’s direct appeal, we found that the trial court denied Salazar’s' right to a public trial by excluding the public from voir dire in Salazar’s criminal case but, as the principal opinion also notes, held in a case of first impression in Missouri that a new trial was not required because there was no evidence that a member of the public “actually attempted to attend voir dire and was prohibited from doing so.” The principal opinion then concludes that: “In the absence of credited evidence that trial counsel was aware at the time of voir dire that members of the public had attempted to come into the courtroom but were not allowed in, trial counsel cannot be said to have been ineffective in failing to present evidence of such persons to the court.”
I disagree. One week before trial in the pretrial hearing referred to in the principal opinion, trial counsel specifically told the trial court: “I’m sure there will probably be family members of Mr. Salazar, and perhaps other people that would like to attend the trial.” In the face of trial counsel’s declaration one week before trial, “I’m sure there will probably be family members ... that would like to attend the trial,” trial counsel acted in a professionally unreasonable manner in not affirmatively (1) identifying those family members and providing that information to the trial court when trial counsel renewed his objection to the exclusion of the public from voir dire on the morning of trial, or (2) determining that there were no family members that wished to attend the trial. Although trial counsel testified that he did not “kn[o]w specifically certain people were” excluded from the courtroom during trial and “never identified any person who wanted to be in” the courtroom, trial counsel did not testify that he made any effort to identify the family members that a week earlier he told the trial court he was “sure probably” would like to attend the trial.
Recently, in Christian v. State, No. SD33998, 502 S.W.3d 702, 2016 WL 4582181 (Mo.App.S.D. Sept. 2, 2016), we found that a motion court’s conclusions that trial counsel was not ineffective and the movant was not prejudiced by trial counsel’s deficient performance were clear *749 ly erroneous. In doing so, we held that trial counsel was ineffective for failing to object to the reading to a jury in the defendant’s criminal case of the defendant’s invocations of his Fifth Amendment privilege in a deposition taken in a related civil suit—after we determined as a matter of first impression in Missouri that reading to the criminal jury the defendant’s invocations of his Fifth Amendment privilege in the civil deposition was a violation of the defendant’s Fifth Amendment right not to “be compelled in any criminal case to be a witness against himself.” I believe the principles applied in Christian should be applied in this appeal. The trial court denied Salazar’s right to a public trial, and that denial would have required reversal of Salazar’s conviction but for trial counsel’s failure to identify family members who wanted to attend the trial and provide that information to the trial court when trial counsel renewed his objection to the exclusion of the public from voir dire on the morning of trial. Family members that trial counsel had told the trial court, only one week before trial, he was “sure probably” would like to attend trial.
The motion court clearly erred in concluding that trial counsel was not ineffective, and I would reverse the motion court’s judgment, vacate Salazar’s conviction and sentence and remand for a new trial.